**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**vs.**                                            **Case No. 4:10cv170-SPM/WCS**

**MARLENE DEKKER,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff filed a complaint on May 7, 2010, seeking judgment against the Defendant for defaulting on student loan payments. Doc. 1. Summons was executed and the Defendant's *pro se* Answer was filed by the Plaintiff. Doc. 5.[1] A case management and scheduling order was entered on August 12, 2010. Doc. 6. The Defendant's copy of that order was returned to the Court as non-deliverable. Doc. 7.

On October 6, 2010, Plaintiff filed a motion for summary judgment, doc. 8, and certificate of service, doc. 9, showing it was mailed to Defendant's last known address. I entered an order, though concerned it might not reach the Defendant, and advised the

---

[1] Defendant's answer did not dispute the loan, but asserted that Plaintiff lacked funds with which to repay the loan. Doc. 5. Defendant mailed her response, which was in the form of a letter, to counsel for Plaintiff rather than to the Court. *Id.*

Defendant of her obligation to respond to the motion for summary judgment. Doc. 10. Defendant had until November 30, 2010, to file a response to the motion. *Id.*

On November 2, 2010, Plaintiff filed a motion for an extension to file a Rule 26 Report. Doc. 11. Plaintiff noted that counsel had been unable to contact the *pro se* Defendant and requested more time to confer and file the report. *Id.* The motion was granted on December 1, 2010. Doc. 13.

In the meantime, Plaintiff filed the Rule 26 Report on November 29, 2010. Doc. 12. That report explains that Defendant admits the debt owed Plaintiff but has no ability to repay the loan. *Id.* Defendant indicates she will submit a request to the Department of Education to ask for loan forgiveness in light of her financial situation.

I noted in that order, doc. 13, that the *pro se* Defendant had not responded in any way to the prior order entered, doc. 10. I pointed out that court orders had been returned to the Court as undeliverable, although the certificate of service provided by Plaintiff in the Rule 26 Report, doc. 12, listed the same address listed for Defendant as is listed on the court docket. Docs. 10, 13. The Defendant had been advised that if additional time was needed to respond to Plaintiff's motion for summary judgment, that Defendant "must file a motion for extension of time (describing why the time is needed and how much time is necessary) <u>before</u> the date on which the motion will be taken under advisement." Plaintiff had not responded at the time the order was entered, nor has Plaintiff filed any response in the three months since the last order was entered. Thus, the pending motion for summary judgment is ready for review and is unopposed.

**Rule 56 Evidence**

On or about December 4, 2000, Defendant executed a promissory note for a

consolidation of loans held by the Department of Education. Doc. 8, p. 1; Att. 1, second para., lines 1-2). By April 22, 2010, the Defendant owed principal in the amount of $37,130.41 and interest in the amount of $23,008.43, for a total debt owed of $60,138.84. Doc. 8, p. 1; Att. 1, lines 14-16.

On or about October 10, 2001, Defendant executed a promissory note for a consolidation of loans held by the Department of Education. Doc. 8, p. 1; Att. 2, second para., lines 1-2). As of April 22, 2010, the Defendant owed principal in the amount of $126,053.90 plus interest in the amount of $68,022.55, for a total debt owed of $194,076.45. Doc. 8, p. 1 Att. 2, lines 14-16.

On May 7, 2010, Plaintiff initiated this case seeking judgment on the two student loan debts. Doc. 1. Attached to the complaint were two certificates of indebtedness provided by a Department of Education loan analyst. Doc. 1, Att. 1 and 2. The complaint and the certificates were served on the Defendant, and Defendant filed an Answer in this case on August 2, 2010. Doc. 5. In the Answer, Defendant states that she does "not deny that" she borrowed the student loans." Doc. 5-1. Defendant states that even if she tried to repay the loan, "it would be impossible to pay them." *Id.* She said, "Once I graduated I made regular payment [sic] on my student loans, but then they kept on increasing and I was not able to keep up with them." Doc. 5-1. Defendant subsequently went through a divorce, her former husband left the country, and Defendant states she has incurred more expenses and financial responsibilities. *Id.*

**Analysis**

Either the claimant or Defendant may move for summary judgment, with or without supporting affidavits, upon all or any part of the claim. Fed. R. Civ. P. 56(a) and

(b). Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Plaintiff, as the claimant, "is entitled to a summary judgment only when no genuine issue of material fact exists, the papers on the motion demonstrate his right to relief, and every one of the defenses asserted legally are insufficient." 10A C. Wright, A. Miller, and M. Kane, Federal Practice and Procedure § 2734, at 405 (1983). The motion should be denied if there is a genuine dispute of material fact as to any defense raised. *Id.* at 406; United States v. Carter, 906 F.2d 1375, 1377 (9th Cir. 1990) (citing § 2734). A "genuine issue" requires that there be such evidence that a reasonable jury could return a verdict for the party seeking summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202.

**Analysis**

Defendant does not dispute the debt owed to Plaintiff. There is no dispute as to the amount of the debt.[2] Because the claim is undisputed and Defendant does not dispute the debt, judgment should be entered in favor of Plaintiff in the amount of $60,138.84 as to the first promissory note and $194,076.45 as to the second promissory note for a total amount of $254,215.29.

---

[2] Defendant indicates in her Answer that her prior tax refunds, whatever the amount owed, for 2008 and 2009 were taken by the Government for the student loan default. It is presumed that the Plaintiff's motion for summary judgment has deducted amounts owed and already collected by the taking of the tax refunds. If that is not the case, Defendant should file objections to this report and recommendation.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for summary judgment, doc. 8, be **GRANTED** and judgment entered in favor of the Plaintiff in the amount of $254,215.29 representing interest of $91,030.98, and principle on the two promissory notes of $163,184.31.

**IN CHAMBERS** at Tallahassee, Florida, on March 16, 2011.


   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**